FILED

APR 28 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MELISSA ORIFICI, | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| v. | ) Case No. 08 C 50074 |
| GRAY TELEVISION GROUP, INC., a foreign corporation, | ) KAPALA |
| Defendant. | ) |

COMPLAINT

Plaintiff MELISSA ORIFICI, by her attorneys, OLIVER, CLOSE, WORDEN, WINKLER & GREENWALD LLC, for her Complaint against Defendant GRAY TELEVISION GROUP, INC., a foreign corporation, states as follows:

INITIAL ALLEGATIONS

1. Plaintiff is now, and at all times relevant to this action, has been a resident of the County of Boone and State of Illinois.

2. Defendant GRAY TELEVISION GROUP, INC. is a corporation, duly organized under the laws of the State of Delaware, authorized to do business and doing business in the County of Winnebago, State of Illinois.

3. Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, and Plaintiff has filed suit no later than ninety (90) days after receipt of a Notice of Right to Sue from the U.S. Department of Justice. True and correct

copies of the Charge of Discrimination and the Notice of Right to Sue are attached, marked Exhibits A and B, respectively, and are incorporated herein.

4. Venue is properly set in this District under 28 U.S.C. §1391. This claim arose in the Northern District of Illinois, Western Division.

5. This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §§1331 and 1343.

6. Plaintiff began employment with Defendant GRAY TELEVISION GROUP, INC. in approximately June 14, 1993, as a television news anchor.

7. Plaintiff received pay increases and performed her responsibilities more than satisfactorily.

8. Defendant GRAY TELEVISION GROUP, INC. discharged Plaintiff on or about July 31, 2006.

## COUNT I - AGE DISCRIMINATION

9. Plaintiff has been over the age of forty (40) years during all events relevant to this Complaint, and is a protected person within the meaning of ADEA.

10. Defendant GRAY TELEVISION GROUP, INC. is an employer under the Age Discrimination in Employment Act, 29 U.S.C. §630(b).

11. On the basis of Plaintiff's age, Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

12. On the basis of Plaintiff's age, Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

13. On the basis of Plaintiff's age, Defendant also added other obstacles to Plaintiff's performance of her duties, to which similarly situated employees substantially younger than Plaintiff were not subjected.

14. On the basis of Plaintiff's age, Defendant replaced Plaintiff with a person substantially younger than Plaintiff.

15. On the basis of Plaintiff's age, Defendant discharged Plaintiff.

16. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of her age.

17. Defendant's discrimination against Plaintiff based on her age has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18. Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

19. Defendant's discriminatory conduct, as alleged above, was willful, as stated in 29 U.S.C. §626(b).

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment inher favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A. Enjoining Defendant from engaging in discriminatory conduct and awarding her reinstatement to her former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff liquidated damages as provided in 29 U.S.C. § 626(b);

E. Awarding Plaintiff punitive damages according to law; and

F. Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II - RETALIATION FOR OPPOSITION TO AGE DISCRIMINATION

1.-16. Plaintiff repeats the allegations of Paragraphs 1 through 16 of Count I as Paragraphs 1 through 16 of this Count II.

17. Plaintiff opposed Defendant's actions, alleged above, which were taken on the basis of Plaintiff's age. As a result of Plaintiff's opposition to Defendant's age discrimination against her, Defendant discriminated against and discharged Plaintiff.

18. Defendant's discrimination against Plaintiff based on her opposition to age discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

4

19. Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

20. Defendant's discrimination against Plaintiff based on her opposition to age discrimination violates 29 U.S.C. §623(d).

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A. Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding her reinstatement to her former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff liquidated damages as provided in 29 U.S.C. § 626(b);

E. Awarding Plaintiff punitive damages according to law; and

F. Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT III - SEX DISCRIMINATION

1.-8. Plaintiff repeats the allegations of Paragraphs 1 through 8 of Count I as Paragraphs 1 through 8 of this Count III.

9. Plaintiff is a female, and is a protected person within the meaning of Title VII, 42 U.S.C. §§2000(e), et. seq.

10. Defendant GRAY TELEVISION GROUP, INC. is an employer under Title VII, 42 U.S.C. §§2000e, *et seq.*

11. On the basis of Plaintiff's sex, Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

12. On the basis of Plaintiff's sex, Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

13. On the basis of Plaintiff's sex, Defendant also added other obstacles to Plaintiff's performance of her duties, to which similarly situated male employees were not subjected.

14. Defendant discharged Plaintiff because of her sex.

15. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of her sex.

16. Defendant's discrimination against Plaintiff based on her sex has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

17. Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of

these and other employment benefits.

18. Defendant's intentionally discriminatory conduct, as alleged above, was performed with malice or reckless indifference to Plaintiff's federally protected rights, as stated in 42 U.S.C. §1981a.

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A. Enjoining Defendant from engaging in discriminatory conduct and awarding her reinstatement to her former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff punitive damages for Defendant's malice or reckless indifference to Plaintiff's federally protected rights; and

E. Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT IV - RETALIATION FOR OPPOSITION TO SEX DISCRIMINATION

1.-15. Plaintiff repeats the allegations of Paragraphs 1 through 15 of Count III as

Paragraphs 1 through 15 of this Count IV.

16. Plaintiff opposed Defendant's discriminatory actions, alleged above, taken on the basis of Plaintiff's sex. As a result of Plaintiff's opposition to Defendant's sex discrimination against her, Defendant discharged Plaintiff.

17. Defendant's discrimination against Plaintiff based on her opposition to sex discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18. Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

19. Defendant's termination of Plaintiff's employment because she opposed discrimination because of her sex violated 42 U.S.C. §2000e-3.

20. Defendant's intentionally discriminatory conduct, as alleged above, was performed with malice or reckless indifference to Plaintiff's federally protected rights, as stated in 42 U.S.C. §1981a.

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A. Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding her reinstatement to her former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

8

  (1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

  (2) Front pay; and

  (3) Damages for mental anguish and emotional distress according to proof and according to law;

 C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

 D. Awarding Plaintiff punitive damages for Defendant's malice or reckless indifference to Plaintiff's federally protected rights; and

 E. Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT V - BREACH OF CONTRACT

1.-2. Plaintiff repeats the allegations of Paragraphs 1 through 2 of Count I as Paragraphs 1 through 2 of this Count V.

 3. Plaintiff brings this Count V as a claim pendent to Counts I - IV, set forth above.

 4. Defendant's principal place of business is located in the State of Georgia.

 5. Jurisdiction also exists for this Count V under diversity jurisdiction.

 6. The amount in controversy concerning this Count V exceeds $75,000.00.

 7. Defendant was formerly known as Benedek Broadcasting Corporation and Gray Mid America Television, d/b/a WIFR-TV, or Gray Mid America TV, Inc.

 8. On or about April 9, 2003, Plaintiff and Defendant entered into an Employment Agreement. A true and correct copy of the Employment Agreement is attached, marked Exhibit A and incorporated herein.

9. Defendant interfered Plaintiff's performance of her contractual duties, in violation of the Employment Agreement.

10. Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

11. Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

12. Defendant also added other obstacles to Plaintiff's performance of her duties.

13. Defendant terminated Plaintiff's employment in violation of the Employment Agreement.

14. Defendant's actions breached the Employment Agreement by violating Defendant's duty of good faith and fair dealing in its exercise of discretion under the Employment Agreement.

15. Defendant's material breaches of the terms of the Employment Agreement have caused Plaintiff damage by preventing her from performing her duties, and therefore depriving her of the pay and benefits she would have received under the Employment Agreement.

16. Defendant's actions alleged above also caused Plaintiff other damage.

WHEREFORE, Plaintiff MELISSA ORIFICI prays that the Court enter a judgment for Plaintiff MELISSA ORIFICI and against Defendant GRAY TELEVISION GROUP, INC. in an amount in excess of $75,000.00, for such other sums as are due and owing under the Employment Agreement, and for such other and further relief as the Court may deem just and proper.

MELISSA ORIFICI, Plaintiff

By: OLIVER, CLOSE, WORDEN,
WINKLER & GREENWALD LLC

By: _____s/John Rearden, Jr._____
One of her attorneys

John Rearden, Jr.
Oliver, Close, Worden, Winkler & Greenwald LLC
124 N. Water St., Suite 300
P.O. Box 4749
Rockford, IL, 61110-4749
815/968-7591

<u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>

11

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>Illinois Department of Human Rights and EEOC<br>*State or local Agency, if any* | [ ] FEPA<br>[X] EEOC | 440-2007-05166 |

| NAME (Indicate Mr., Ms., Mrs.)<br>Mrs. Melissa Orifici | | HOME TELEPHONE (Include Area Code)<br>815-262-9424 |
|---|---|---|
| STREET ADDRESS<br>11199 Shaw Road | CITY, STATE AND ZIP CODE<br>Rockford, IL 61114 | DATE OF BIRTH<br>January 22, 1965 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>Gray Television Group, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>2,000+ | TELEPHONE (Include Area Code):<br>815-987-5300 |
|---|---|---|
| STREET ADDRESS<br>2523 North Meridian Road | CITY, STATE AND ZIP CODE<br>Rockford, IL 61101 | COUNTY<br>Winnebago  08 |
| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | EARLIEST (ADEA/EPA)   LATEST (ALL)<br>9/01/2003           7/31/2006 |
| [X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER Pregnancy Act | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

I was employed by Gray Television Group, Inc. ("Gray Television") as News Anchor, beginning in that position June 14, 1993. I performed my job in a way that satisfied Gray Television's legitimate expectations. I was discharged by Gray Television on or about July 31, 2006, and discriminated against during my employment, on the basis of my age. My date of birth is January 22, 1965. Gray Television subjected me to different terms and conditions of employment because of my age, and discharged me because of my age. For example, Gray Television interfered with the teleprompter during newscasts while I was on screen, canceled my personal appearances and added other obstacles to my performance of my duties to which similarly situated employees substantially younger than I were not subjected. Similarly situated employees who were substantially younger than I and not 40 years old were treated more favorably than I was. I was replaced by an employee substantially younger than myself.

See next page, attached.

RECEIVED EEOC
MAY 1 7 2007
CHICAGO DISTRICT OFFICE

[x] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5/11/07  Charging Party: *Melissa Orifici*

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Melissa Orifici*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year)
11th day, May 2007

"OFFICIAL SEAL"
DANA M. DOW
Notary Public, State of Illinois
My Commission Expires 09/05/07

EEOC Form 5 modified

EXHIBIT A

Particulars, continued.

I was employed by Gray Television Group, Inc. ("Gray Television") as News Anchor, beginning in that position June 14, 1993. I performed my job in a way that satisfied Gray Television's legitimate expectations. I was discharged by Gray Television on or about July 31, 2006, and discriminated against during my employment, on the basis of my sex, female. Gray Television subjected me to different terms and conditions of employment because of my sex, and discharged me because of my sex. In particular, Gray Television interfered with the teleprompter during newscasts while I was on screen, canceled my personal appearances and added other obstacles to my performance of my duties to which similarly situated male employees were not subjected. Similarly situated male employees were treated more favorably than I was.

I was employed by Gray Television Group, Inc. ("Gray Television") as News Anchor, beginning in that position June 14, 1993. I performed my job in a way that satisfied Gray Television's legitimate expectations. I opposed unlawful employment practices by Gray Television, including discrimination on the basis of age. I was discharged by Gray Television, Inc. on or about July 31, 2006, and discriminated against during my employment, because I opposed unlawful employment practices, including discrimination on the basis of age. Gray Television, Inc. subjected me to different terms and conditions of employment because I opposed unlawful employment practices, and discharged me because of that opposition. Similarly situated employees who did not oppose unlawful employment practices were not discharged, and were treated more favorably than I was. I was replaced by an employee who had not opposed unlawful employment practices.

EEOC Form 161-B (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Melissa Orifici<br>11199 Shaw Road<br>Rockford, IL 61114 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0014 4053 6081

08 C 50074

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-05166 | Cristina Wodka, Investigator | (312) 353-1401 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

2-5-08
*(Date Mailed)*

cc:
     GRAY TELEVISION GROUP, INC.

FEB 03 2008
FEB 03 REC'D

# EXHIBIT B