**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MELISSA ORIFICI,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 3:08-CV-50074** |
| | ) | |
| **GRAY TELEVISION GROUP, INC.,** | ) | |
| **a foreign Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant Gray Television Group, Inc. ("Gray"), without waiving its rights to arbitration or its rights to compel arbitration of Plaintiff's claims, and expressly reserving those rights, files its Answer to Plaintiff's Complaint within the time allowed by law.

### RESPONSES TO NUMBERED PARAGRAPHS

Gray denies that it violated any law and denies that Plaintiff is entitled to any relief whatsoever. Gray responds to the individually numbered paragraphs of Plaintiff's Complaint in the corresponding number sequence therein as follows:

1941398_1.DOC

1.

Based upon information and belief, Gray admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Gray admits that Gray Television Group, Inc. is a Delaware corporation and that it is authorized to do business in the County of Winnebago, State of Illinois.

3.

Gray denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

In response to Paragraph 4 of Plaintiff's Complaint, Gray admits that venue is proper.

5.

In response to Paragraph 5 of Plaintiff's Complaint, Gray admits that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 2000e-5, 1331 and 1343. Gray denies, however, that this Court has subject matter jurisdiction over Plaintiff's claims, denies that it engaged in any act or

omission in violation of federal or state law, and denies that Plaintiff is entitled to any relief whatsoever.

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Gray admits that Plaintiff began employment with Gray's predecessor on or about June 19, 1993. Gray denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

In response to Paragraph 7 of Plaintiff's Complaint, Gray admits that Plaintiff received pay increases. Gray denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Gray denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## COUNT I – AGE DISCRIMINATION

9.

Based upon information and belief, Gray admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Gray admits the allegations contained in Paragraph 10 of Count I of Plaintiff's Complaint.

11.

Gray denies the allegations contained in Paragraph 11 of Count I of Plaintiff's Complaint.

12.

Gray denies the allegations contained in Paragraph 12 of Count I of Plaintiff's Complaint.

13.

Gray denies the allegations contained in Paragraph 13 of Count I of Plaintiff's Complaint.

14.

Gray denies the allegations contained in Paragraph 14 of Count I of Plaintiff's Complaint.

15.

Gray denies the allegations contained in Paragraph 15 of Count I of Plaintiff's Complaint.

16.

Gray denies the allegations contained in Paragraph 16 of Count I of Plaintiff's Complaint.

17.

Gray denies the allegations contained in Paragraph 17 of Count I of Plaintiff's Complaint.

18.

Gray denies the allegations contained in Paragraph 18 of Count I of Plaintiff's Complaint.

19.

Gray denies the allegations contained in Paragraph 19 of Count I of Plaintiff's Complaint.

In response to the unnumbered paragraph following Paragraph 19 Count I of of Plaintiff's Complaint, Gray states that such paragraph is a prayer for relief to which no responsive pleading is required.  Gray, however, denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT II – RETALIATION FOR OPPOSITION TO AGE DISCRIMINATION

Gray incorporates by reference its responses to Paragraphs 1 through 16 of Count I of Plaintiff's Complaint as if fully set forth herein.

17.

Gray denies the allegations contained in Paragraph 17 of Count II of Plaintiff's Complaint.

18.

Gray denies the allegations contained in Paragraph 18 of Count II of Plaintiff's Complaint.

19.

Gray denies the allegations contained in Paragraph 19 of Count II of Plaintiff's Complaint.

20.

Gray denies the allegations contained in Paragraph 20 of Count II of Plaintiff's Complaint.

In response to the unnumbered paragraph following Paragraph 20 of Count II of Plaintiff's Complaint, Gray states that such paragraph is a prayer for relief to which no responsive pleading is required. Gray, however, denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## <u>COUNT III – SEX DISCRIMINATION</u>

Gray incorporates by reference its responses to Paragraphs 1 through 8 of Count I of Plaintiff's Complaint as if fully set forth herein.

9.

Gray admits the allegations contained in Paragraph 9 of Count III of Plaintiff's Complaint.

10.

Gray admits the allegations contained in Paragraph 10 of Count III of Plaintiff's Complaint.

11.

Gray denies the allegations contained in Paragraph 11 of Count III of Plaintiff's Complaint.

12.

Gray denies the allegations contained in Paragraph 12 of Count III of Plaintiff's Complaint.

13.

Gray denies the allegations contained in Paragraph 13 of Count III of Plaintiff's Complaint.

14.

Gray denies the allegations contained in Paragraph 14 of Count III of Plaintiff's Complaint.

15.

Gray denies the allegations contained in Paragraph 15 of Count III of Plaintiff's Complaint.

16.

Gray denies the allegations contained in Paragraph 16 of Count III of Plaintiff's Complaint.

17.

Gray denies the allegations contained in Paragraph 17 of Count III of Plaintiff's Complaint.

18.

Gray denies the allegations contained in Paragraph 18 of Count III of Plaintiff's Complaint.

In response to the unnumbered paragraph following Paragraph 18 of Count IV of Plaintiff's Complaint, Gray states that such paragraph is a prayer for relief to which no responsive pleading is required. Gray, however, denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT IV – RETALIATION FOR OPPOSITION
## TO SEX DISCRIMINATION

Gray incorporates by reference its responses to Paragraphs 1 through 15 of Count III of Plaintiff's Complaint as if fully set forth herein.

16.

Gray denies the allegations contained in Paragraph 16 of Count IV of Plaintiff's Complaint.

17.

Gray denies the allegations contained in Paragraph 17 of Count IV of Plaintiff's Complaint.

18.

Gray denies the allegations contained in Paragraph 18 of Count IV of Plaintiff's Complaint.

19.

Gray denies the allegations contained in Paragraph 19 of Count IV of Plaintiff's Complaint.

20.

Gray denies the allegations contained in Paragraph 20 of Count IV of Plaintiff's Complaint.

In response to the unnumbered paragraph following Paragraph 20 of Count IV of Plaintiff's Complaint, Gray states that such paragraph is a prayer for relief to which no responsive pleading is required. Gray, however, denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## <u>COUNT V – BREACH OF CONTRACT</u>

Gray incorporates by reference its responses to Paragraphs 1 through 2 of Count I of Plaintiff's Complaint as if fully set forth herein.

3.

In response to the allegations contained in Paragraph 3 of Count V of Plaintiff's Complaint, Gray admits that Plaintiff purports to bring the claim contained in Count V of Plaintiff's Complaint as a claim pendent to Counts I through IV. Gray denies, however, that Plaintiff is entitled to any relief whatsoever.

4.

Gray admits the allegations contained in Paragraph 4 of Count V of Plaintiff's Complaint.

5.

In response to the allegations contained in Paragraph 5 of Count V of Plaintiff's Complaint, Gray admits that Plaintiff purports to invoke this Court's

jurisdiction based on diversity but denies that Plaintiff is entitled to any relief whatsoever.

6.

In response to the allegations contained in Paragraph 6 of Count V of Plaintiff's Complaint, based on information and belief, Gray admits that Plaintiff seeks greater than $75,000 but denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

7.

In response to the allegations contained in Paragraph 7 of Count V of Plaintiff's Complaint, Gray admits that Gray's predecessor was Benedek Broadcasting Corporation and that Gray was formerly known as Gray Mid America TV Inc. Gray denies the remaining allegations contained in Paragraph 7 of Count V of Plaintiff's Complaint.

8.

In response to the allegations contained in Paragraph 8 of Count V of Plaintiff's Complaint, Gray admits that Plaintiff and Gray entered into an Employment Agreement on or about April 9, 2003. Gray denies the remaining allegations contained in Paragraph 8 of Count V of Plaintiff Complaint.

9.

Gray denies the allegations contained in Paragraph 9 of Count V of Plaintiff's Complaint.

10.

Gray denies the allegations contained in Paragraph 10 of Count V of Plaintiff's Complaint.

11.

Gray denies the allegations contained in Paragraph 11 of Count V of Plaintiff's Complaint.

12.

Gray denies the allegations contained in Paragraph 12 of Count V of Plaintiff's Complaint.

13.

Gray denies the allegations contained in Paragraph 13 of Count V of Plaintiff's Complaint.

14.

Gray denies the allegations contained in Paragraph 14 of Count V of Plaintiff's Complaint.

15.

Gray denies the allegations contained in Paragraph 15 of Count V of Plaintiff's Complaint.

16.

Gray denies the allegations contained in Paragraph 16 of Count V of Plaintiff's Complaint.

In response to the unnumbered paragraph following Paragraph 16 of Count V of Plaintiff's Complaint, Gray states that such paragraph is a prayer for relief to which no responsive pleading is required. Gray, however, denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Gray hereby states the following defenses to Plaintiff's Complaint but does not assume a burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Gray reserves the right to assert other affirmative and additional defenses and otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE

Plaintiff's claims are barred by the arbitration provision contained in the Employment Agreement between the parties, requiring any such claims to be pursued in arbitration.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Gray upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent she failed to satisfy the applicable administrative and statutory prerequisites.

### FIFTH DEFENSE

Plaintiff's claims are barred, and this Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they are based on conduct which allegedly occurred more than 300 days before Plaintiff filed any charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), the Illinois Department of Human Rights ("IDHR") or other administrative agency.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred, and this Court lacks subject matter jurisdiction over claims to the extent they were not raised in a charge of discrimination timely filed with the EEOC or IDHR and subject to investigation and conciliation by the EEOC or IDHR.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims and/or some or all of the relief requested in Plaintiff's Complaint are barred because, even if any unlawful discrimination, harassment, or retaliation occurred (an allegation which Gray denies), Gray cannot be held vicariously liable for alleged discrimination, harassment, retaliation or other misconduct that is contrary to Gray's express policies, procedures, and good faith efforts to comply with applicable laws.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred because Gray maintained, disseminated, and enforced an express policy against harassment establishing reasonable and effective means for reporting and seeking relief from harassment and because Gray acted in accordance with this policy at all times.

## NINTH DEFENSE

Even if any alleged harassment, discrimination, or retaliation occurred (an allegation which Gray denies), some or all of Plaintiff's claims are barred to the extent Plaintiff failed to put Gray on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by Gray, and failed to provide Gray a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred because, to the extent she reported any alleged harassment, Gray promptly investigated the report and took prompt and appropriate remedial action.

## ELEVENTH DEFENSE

Plaintiff's claim for retaliation is barred because Plaintiff did not suffer an adverse employment.

## TWELFTH DEFENSE

Plaintiff's claim for retaliation is barred because there was no causal connection between any alleged protected activity and any alleged adverse employment action.

## THIRTEENTH DEFENSE

Plaintiff's breach of contract claim is barred by a failure or lack of consideration.

## FOURTEENTH DEFENSE

To the extent Plaintiff alleges a claim for breach of a duty of good faith and fair dealing, such claim is barred because, to the extent a breach of any contract occurred (an allegation which Gray denies), such breach was not in deliberate contravention of the intent and spirit of any contract.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims, including her claims for liquidated and punitive damages, are barred because Gray's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference to or disregard for Plaintiff's legal rights.

## SIXTEENTH DEFENSE

Although Gray denies that Plaintiff is entitled to punitive damages, Gray affirmatively pleads that an award of punitive damages would violate the Illinois and United States Constitutions.

## SEVENTEENTH DEFENSE

To the extent Plaintiff's claim for punitive damages is based on breach of contract, Plaintiff's claim is barred because punitive damages are not available for breach of contract claims.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred under the exclusive remedy provision of Illinois' Worker's Compensation Act.

## NINETEENTH DEFENSE

Plaintiff's request for damages under Title VII is subject to the statutory limitations provided in 42 U.S.C. § 1981(b)(3).

## TWENTIETH DEFENSE

To the extent discovery may show, any and all rights or remedies in favor of Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-THIRD DEFENSE

Plaintiff is not entitled to attorneys' fees, costs, or expenses.

## TWENTY-FOURTH DEFENSE

Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Gray respectfully requests:

(a)     That the Court dismiss the Complaint against Gray and compel arbitration and enter a judgment in favor of Gray on all counts contained in the Complaint;

(b)     That all costs of this action be taxed against Plaintiff; and

(c)     That the Court grant Gray such other and further relief as is just and proper.

This ___28th___ day of May, 2008.

Robert M. O'Connell, Esq.
ARDC No. 2085569
Speranza & Bates
1401 N. Western Avenue
Lake Forest, Illinois  60045
Phone:  847-615-1090
Fax:      847-615-1096

*Pro Hac Vice to be applied for*
Robert H. Buckler
Georgia Bar No. 92650
bobby.buckler@troutmansanders.com
Michael D. Kaufman
Georgia Bar No. 409195
mike.kaufman@troutmansanders.com
Lindsay S. Marks
Georgia Bar No. 636480
lindsay.marks@troutmansanders.com
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404)885-3000 (phone)
(404)962-6778 (facsimile)

Counsel for Defendant Gray Television
Group, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| **MELISSA ORIFICI,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 3:08-CV-50074** |
| | ) | |
| **GRAY TELEVISION GROUP, INC.,** | ) | |
| **a foreign Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **ANSWER** with Jury Demanded and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification  of such filing to John Rearden Jr., Debra Ann Delia, and Timothy A. Miller, and I am also mailing a copy of the document to counsel for Plaintiff, addressed as follows:

> John Rearden, Jr.
> OLIVER, CLOSE, WORDEN, WINKLER &
> GREENWALD LLC
> 124 N. Water Street, Suite 300
> P.O. Box 4749
> Rockford, Illinois  61110-4749

1941398_1.DOC

Debra Ann Delia
OLIVER, CLOSE, WORDEN, WINKLER &
GREENWALD LLC
124 N. Water Street, Suite 300
P.O. Box 4749
Rockford, Illinois  61110-4749

Timothy A. Miller
OLIVER, CLOSE, WORDEN, WINKLER &
GREENWALD LLC
124 N. Water Street, Suite 300
P.O. Box 4749
Rockford, Illinois  61110-4749

This ___28th___ day of May, 2008.

_____
Counsel for Defendant