UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA ORIFICI, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 50074 |
| v. | ) | |
| | ) | |
| GRAY TELEVISION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff MELISSA ORIFICI , by her attorneys, OLIVER, CLOSE, WORDEN,
WINKLER & GREENWALD LLC, moves this Court to grant leave to amend the Complaint in
accord with the proposed First Amended Complaint, a true and correct copy of which is attached,
marked Exhibit 1 and incorporated herein, and in support, states as follows:

1.     Plaintiff inadvertently did not properly identify and attach a copy of the
Employment Agreement as an exhibit to the Complaint.

2.     The First Amended Complaint properly identifies and attaches a copy of the
Employment Agreement.

3.     Defendant has advised Plaintiff that it has no objection to this Motion.

WHEREFORE Plaintiff MELISSA ORIFICI  prays this Court to grant leave to amend the
Complaint in accord with the First Amended Complaint attached as Exhibit 1.

MELISSA ORIFICI , Plaintiff
By:     OLIVER, CLOSE, WORDEN, WINKLER
            & GREENWALD LLC

By:     s/John Rearden, Jr.
                John Rearden, Jr.

OLIVER, CLOSE, WORDEN, WINKLER & GREENWALD LLC
124 N. Water St., Suite 300
P.O. Box 4749, Rockford, IL  61110-4749
815/968-7591

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing MOTION FOR LEAVE TO

AMEND COMPLAINT was served pursuant to ECF as to Filing Users and shall comply with

Local Rule 5.5 as to any party who is not a Filing User or represented by a Filing User.


 s/John Rearden, Jr.
John Rearden, Jr.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA ORIFICI, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| GRAY TELEVISION GROUP, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

FIRST AMENDED COMPLAINT

Plaintiff MELISSA ORIFICI, by her attorneys, OLIVER, CLOSE, WORDEN,

WINKLER & GREENWALD LLC, for her Complaint against Defendant GRAY TELEVISION

GROUP, INC., a foreign corporation, states as follows:

INITIAL ALLEGATIONS

1.    Plaintiff is now, and at all times relevant to this action, has been a resident of the

County of Boone and State of Illinois.

2.    Defendant GRAY TELEVISION GROUP, INC. is a corporation, duly organized

under the laws of the State of Delaware, authorized to do business and doing business in the

County of Winnebago, State of Illinois.

3.    Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal

Employment Opportunity Commission, and Plaintiff has filed suit no later than ninety (90) days

after receipt of a Notice of Right to Sue from the U.S. Department of Justice.  True and correct

copies of the Charge of Discrimination and the Notice of Right to Sue are attached, marked

Exhibits A and B, respectively, and are incorporated herein.

4.    Venue is properly set in this District under 28 U.S.C. §1391.  This claim arose in

the Northern District of Illinois, Western Division.

5.    This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5, 28

U.S.C. §§1331 and 1343.

6.    Plaintiff began employment with Defendant GRAY TELEVISION GROUP, INC.

in approximately June 14, 1993, as a television news anchor.

7.    Plaintiff received pay increases and performed her responsibilities more than

satisfactorily.

8.    Defendant GRAY TELEVISION GROUP, INC. discharged Plaintiff on or about

July 31, 2006.

<u>COUNT I - AGE DISCRIMINATION</u>

9.    Plaintiff has been over the age of forty (40) years during all events relevant to this

Complaint, and is a protected person within the meaning of ADEA.

10.    Defendant GRAY TELEVISION GROUP, INC. is an employer under the Age

Discrimination in Employment Act, 29 U.S.C. §630(b).

11.    On the basis of Plaintiff's age, Defendant interfered with the teleprompter during

newscasts while Plaintiff was on screen.

12.    On the basis of Plaintiff's age, Defendant required Plaintiff to cancel all of her

personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

13.     On the basis of Plaintiff's age, Defendant also added other obstacles to Plaintiff's performance of her duties, to which similarly situated employees substantially younger than Plaintiff were not subjected.

14.     On the basis of Plaintiff's age, Defendant replaced Plaintiff with a person substantially younger than Plaintiff.

15.     On the basis of Plaintiff's age, Defendant discharged Plaintiff.

16.     Defendant also engaged in other actions that discriminated against Plaintiff on the basis of her age.

17.     Defendant's discrimination against Plaintiff based on her age has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18.     Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

19.     Defendant's discriminatory conduct, as alleged above, was willful, as stated in 29 U.S.C. §626(b).

WHEREFORE, Plaintiff MELISSA ORIFICI  prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A.     Enjoining Defendant from engaging in discriminatory conduct and awarding her reinstatement to her former position;

B.    Granting Plaintiff an award of compensatory damages consisting of:

    (1)    Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

    (2)    Front pay; and

    (3)    Damages for mental anguish and emotional distress according to proof and according to law;

C.    Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.    Awarding Plaintiff liquidated damages as provided in 29 U.S.C. § 626(b);

E.    Awarding Plaintiff punitive damages according to law; and

F.    Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II - RETALIATION FOR OPPOSITION TO AGE DISCRIMINATION

1.-16.    Plaintiff repeats the allegations of Paragraphs 1 through 16 of Count I as Paragraphs 1 through 16 of this Count II.

17.    Plaintiff opposed Defendant's actions, alleged above, which were taken on the basis of Plaintiff's age.  As a result of Plaintiff's opposition to Defendant's age discrimination against her, Defendant discriminated against and discharged Plaintiff.

18.    Defendant's discrimination against Plaintiff based on her opposition to age discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

4

19.    Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

20.    Defendant's discrimination against Plaintiff based on her opposition to age discrimination violates 29 U.S.C. §623(d).

WHEREFORE, Plaintiff MELISSA ORIFICI  prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A.    Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding her reinstatement to her former position;

B.    Granting Plaintiff an award of compensatory damages consisting of:

(1)    Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2)    Front pay; and

(3)    Damages for mental anguish and emotional distress according to proof and according to law;

C.    Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.    Awarding Plaintiff liquidated damages as provided in 29 U.S.C. § 626(b);

E.    Awarding Plaintiff punitive damages according to law; and

F.    Granting Plaintiff such other and further relief as this Court deems just and proper.


COUNT III - SEX DISCRIMINATION

5

1.-8.  Plaintiff repeats the allegations of Paragraphs 1 through 8 of Count I as Paragraphs 1 through 8 of this Count III.

9.    Plaintiff is a female, and is a protected person within the meaning of Title VII, 42 U.S.C. §§2000(e), et. seq.

10.    Defendant GRAY TELEVISION GROUP, INC. is an employer under Title VII, 42 U.S.C. §§2000e, *et seq.*

11.    On the basis of Plaintiff's sex, Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

12.    On the basis of Plaintiff's sex, Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

13.    On the basis of Plaintiff's sex, Defendant also added other obstacles to Plaintiff's performance of her duties, to which similarly situated male employees were not subjected.

14.    Defendant discharged Plaintiff because of her sex.

15.    Defendant also engaged in other actions that discriminated against Plaintiff on the basis of her sex.

16.    Defendant's discrimination against Plaintiff based on her sex has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

17.    Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of

6

these and other employment benefits.

18.    Defendant's intentionally discriminatory conduct, as alleged above, was performed with malice or reckless indifference to Plaintiff's federally protected rights, as stated in 42 U.S.C. §1981a.

WHEREFORE, Plaintiff MELISSA ORIFICI  prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A.    Enjoining Defendant from engaging in discriminatory conduct and awarding her reinstatement to her former position;

B.    Granting Plaintiff an award of compensatory damages consisting of:

(1)    Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2)    Front pay; and

(3)    Damages for mental anguish and emotional distress according to proof and according to law;

C.    Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.    Awarding Plaintiff punitive damages for Defendant's malice or reckless indifference to Plaintiff's federally protected rights; and

E.    Granting Plaintiff such other and further relief as this Court deems just and proper.

COUNT IV - RETALIATION FOR OPPOSITION TO SEX DISCRIMINATION

1.-15.  Plaintiff repeats the allegations of Paragraphs 1 through 15 of Count III as

7

Paragraphs 1 through 15 of this Count IV.

16.    Plaintiff opposed Defendant's discriminatory actions, alleged above, taken on the basis of Plaintiff's sex.  As a result of Plaintiff's opposition to Defendant's sex discrimination against her, Defendant discharged Plaintiff.

17.    Defendant's discrimination against Plaintiff based on her opposition to sex discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18.    Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

19.    Defendant's termination of Plaintiff's employment because she opposed discrimination because of her sex violated 42 U.S.C. §2000e-3.

20.    Defendant's intentionally discriminatory conduct, as alleged above, was performed with malice or reckless indifference to Plaintiff's federally protected rights, as stated in 42 U.S.C. §1981a.

WHEREFORE, Plaintiff MELISSA ORIFICI  prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A.    Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding her reinstatement to her former position;

B.    Granting Plaintiff an award of compensatory damages consisting of:

(1)    Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2)    Front pay; and

(3)    Damages for mental anguish and emotional distress according to proof and according to law;

C.    Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.    Awarding Plaintiff punitive damages for Defendant's malice or reckless indifference to Plaintiff's federally protected rights; and

E.    Granting Plaintiff such other and further relief as this Court deems just and proper.


## COUNT V - BREACH OF CONTRACT

1.-2.  Plaintiff repeats the allegations of Paragraphs 1 through 2 of Count I as Paragraphs 1 through 2 of this Count V.

3.    Plaintiff brings this Count V as a claim pendent to Counts I - IV, set forth above.

4.    Defendant's principal place of business is located in the State of Georgia.

5.    Jurisdiction also exists for this Count V under diversity jurisdiction.

6.    The amount in controversy concerning this Count V exceeds $75,000.00.

9

7.      Defendant was formerly known as Benedek Broadcasting Corporation and Gray Mid America Television, d/b/a WIFR-TV, or Gray Mid America TV, Inc.

8.      On or about April 9, 2003, Plaintiff and Defendant entered into an Employment Agreement.  A true and correct copy of the Employment Agreement is attached, marked Exhibit C and incorporated herein.

9.      Defendant interfered Plaintiff's performance of her contractual duties, in violation of the Employment Agreement.

10.      Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

11.      Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

12.      Defendant also added other obstacles to Plaintiff's performance of her duties.

13.      Defendant terminated Plaintiff's employment in violation of the Employment Agreement.

14.      Defendant's actions breached the Employment Agreement by violating Defendant's duty of good faith and fair dealing in its exercise of discretion under the Employment Agreement.

15.      Defendant's material breaches of the terms of the Employment Agreement have caused Plaintiff damage by preventing her from performing her duties, and therefore depriving her of the pay and benefits she would have received under the Employment Agreement.

16.      Defendant's actions alleged above also caused Plaintiff other damage.

10

WHEREFORE, Plaintiff MELISSA ORIFICI prays that the Court enter a judgment for

Plaintiff MELISSA ORIFICI and against Defendant GRAY TELEVISION GROUP, INC. in an

amount in excess of $75,000.00, for such other sums as are due and owing under the Employment

Agreement, and for such other and further relief as the Court may deem just and proper.


MELISSA ORIFICI, Plaintiff

By:    OLIVER, CLOSE, WORDEN,
       WINKLER & GREENWALD LLC

By:_____s/John Rearden, Jr._____
       One of her attorneys


John Rearden, Jr.
Oliver, Close, Worden, Winkler & Greenwald LLC
124 N. Water St., Suite 300
P.O. Box 4749
Rockford, IL, 61110-4749
815/968-7591

PLAINTIFF DEMANDS A TRIAL BY JURY

11

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|

This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.

Illinois Department of Human Rights and EEOC
*State or local Agency, if any*

AGENCY: [ ] FEPA  [x] EEOC

CHARGE NUMBER: 440-2007-05166

| | |
|---|---|
| NAME *(Indicate Mr., Ms., Mrs.)*<br>Mrs. Melissa Orifici | HOME TELEPHONE *(Include Area Code)*<br>815-262-9424 |
| STREET ADDRESS<br>11199 Shaw Road | CITY, STATE AND ZIP CODE<br>Rockford, IL 61114 | DATE OF BIRTH<br>January 22, 1965 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME<br>Gray Television Group, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>2,000+ | TELEPHONE *(Include Area Code)*:<br>815-987-5300 |
|---|---|---|
| STREET ADDRESS<br>2523 North Meridian Road | CITY, STATE AND ZIP CODE<br>Rockford, IL 61101 | COUNTY<br>Winnebago 08 0 5 0 0 |
| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE *(Include Area Code)* |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [X] AGE   [ ] DISABILITY   [ ] OTHER Pregnancy Act

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| 9/01/2003 | 7/31/2006 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)*

I was employed by Gray Television Group, Inc. ("Gray Television") as News Anchor, beginning in that position June 14, 1993. I performed my job in a way that satisfied Gray Television's legitimate expectations. I was discharged by Gray Television on or about July 31, 2006, and discriminated against during my employment, on the basis of my age. My date of birth is January 22, 1965. Gray Television subjected me to different terms and conditions of employment because of my age, and discharged me because of my age. For example, Gray Television interfered with the teleprompter during newscasts while I was on screen, canceled my personal appearances and added other obstacles to my performance of my duties to which similarly situated employees substantially younger than I were not subjected. Similarly situated employees who were substantially younger than I and not 40 years old were treated more favorably than I was. I was replaced by an employee substantially younger than myself.

See next page, attached.

RECEIVED EEOC

MAY 1 7 2007

CHICAGO DISTRICT OFFICE

| | |
|---|---|
| [x] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date: 5/11/07  Charging Party: *Melissa Orifici* | NOTARY – (When necessary to meet State and local requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br>*Melissa Orifici*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month and year)*<br>11th day, MAY 2007 |

EEOC Form 5 modified

"OFFICIAL SEAL"
DANA M. DOW
Notary Public, State of Illinois
My Commission Expires 09/08/07

# EXHIBIT A

Particulars, continued.

I was employed by Gray Television Group, Inc. ("Gray Television") as News Anchor, beginning in that position June 14, 1993. I performed my job in a way that satisfied Gray Television's legitimate expectations. I was discharged by Gray Television on or about July 31, 2006, and discriminated against during my employment, on the basis of my sex, female. Gray Television subjected me to different terms and conditions of employment because of my sex, and discharged me because of my sex. In particular, Gray Television interfered with the teleprompter during newscasts while I was on screen, canceled my personal appearances and added other obstacles to my performance of my duties to which similarly situated male employees were not subjected. Similarly situated male employees were treated more favorably than I was.

I was employed by Gray Television Group, Inc. ("Gray Television") as News Anchor, beginning in that position June 14, 1993. I performed my job in a way that satisfied Gray Television's legitimate expectations. I opposed unlawful employment practices by Gray Television, including discrimination on the basis of age. I was discharged by Gray Television, Inc. on or about July 31, 2006, and discriminated against during my employment, because I opposed unlawful employment practices, including discrimination on the basis of age. Gray Television, Inc. subjected me to different terms and conditions of employment because I opposed unlawful employment practices, and discharged me because of that opposition. Similarly situated employees who did not oppose unlawful employment practices were not discharged, and were treated more favorably than I was. I was replaced by an employee who had not opposed unlawful employment practices.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Melissa Orifici**<br>     **11199 Shaw Road**<br>     **Rockford, IL 61114** | From:  **Chicago District Office**<br>       **500 West Madison St**<br>       **Suite 2800**<br>       **Chicago, IL 60661** |

CERTIFIED MAIL 7099 3400 0014 4053 6081

**08 C 50 0 7 4**

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2007-05166** | **Cristina  Wodka,**<br>**Investigator** | **(312) 353-1401** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_John P. Rowe,_ (signature)

**John P. Rowe,**
**District Director**

2-5-08
*(Date Mailed)*

cc:

      **GRAY TELEVISION GROUP, INC.**

FEB 0 3 2008
FEB 0 3 RECD

# EXHIBIT B

# EMPLOYMENT AGREEMENT

The Employment Agreement ("Agreement") is made by and between **GRAY MID AMERICA TELEVISION, d/b/a WIFR-TV** (the "Company"), and Melissa Murphy (the "Employee").

In consideration of the mutual promises and covenants set forth in the Agreement, the sufficiency of which is acknowledged, the Company agrees to employ Employee, and Employee agrees to provide services to the Company, upon the following terms and conditions:

1.     **Term of Employment**.  The Company employs Employee, and Employee agrees to render broadcast services for the Company pursuant to the terms and conditions set forth in this Agreement, for a four (4) year term commencing on May 4, 2003, and ending on May 3, 2007, subject to earlier termination as provided below.

2.     **Employee's Duties**.

(a)     Employee agrees to perform all duties and responsibilities of a 5, 6 and 10pm News Anchor, as assigned by the News Director; and to perform any other duties as may be reasonably required by the Company.  The Company would also like you to continue with Medical Breakthroughs, and to allow us to showcase the franchise by calling it "Mimi Murphy's Medical Breakthroughs". The Company reserves the right to reassign Employee during the term of this Agreement, as it deems appropriate.

(b)     The services furnished by Employee under this Agreement shall be subject at all times to the Company's reasonable direction and control.  Employee expressly acknowledges that programming decisions, including but not limited to decisions with respect to the addition or deletion of program material, are solely within the discretion of the Company.

(c)     Employee agrees to perform all services to the best of her ability, and at all times to perform in a competent, careful, artistic manner.  The services furnished by Employee, including but not limited to services in connection with any written material, will comply with the programming and ethical standards of the Company, and with the applicable rules and regulations of the Federal Communications Commission and all other federal, state and governmental authorities.

(d)     Employee agrees to devote her full professional time, skill and abilities to the performance of her duties to the Company.  Employee also agrees that she will promptly and faithfully do and perform all services that are or may be reasonably required of her by the Company during the term of this Agreement.

(e)     Employee shall be based at the Company's facilities in Winnebago County, Illinois, but may be required to furnish services outside the area or at remote locations as the Company may from time to time direct.

# EXHIBIT C

**3.    Compensation and Benefits**.  For all services provided by Employee pursuant to the Agreement, the Company will provide the following compensation and benefits:

      (a)    The Company agrees to pay Employee:

      $75,600 in Employee's first year of service;
      $81,270 in Employee's second year of service;
      $87,365 in Employee's third year of service; and
      $93,317 in Employee's fourth year of service

      The above amounts will be subject to the usual deductions for federal, state and local taxes, and will be paid in accordance with the Company's regular payroll practices.

      (b)    In addition, Employee will receive a $2,000 signing bonus to be paid over four (4) months, starting in May, 2003 and ending in August, 2003.

      (c)    Employee shall be entitled to participate in all fringe benefit programs (including health insurance, vacation, short term disability, etc.) which are provided by the Company from time to time for similarly-situated employees.  Employee's benefits will be provided in accordance with the terms and conditions of the applicable plan or program.  In addition, with prior consent from the News Director,  Employee shall granted twenty-six (26) Friday night 10pm newscasts off a year. However, these 26 cannot fall during sweeps or on the Friday after sweeps.

      (d)    Employee will receive three (3) weeks vacation through the length of this contract.

      (e)    Employee will receive a $6000 per year clothing trade arrangement or allowance to be used at a clothing store(s) of the Company's choosing.  If a suitable trade cannot be arranged, a cash allowance of $3,000 for clothing will be paid annually.

      (f)    Employee will receive a $250 per month car allowance.  All car allowances will be added to total compensation and taxed accordingly.

      (g)    The Company agrees to reimburse Employee for any expenses incurred in the course of her employment which have been approved in advance by an authorized representative of the Company.  Reimbursement is also subject to receipt of required documentation of the expense incurred.

**4.    Exclusivity of Performance**.

      (a)    Employee agrees not to engage in any other trade, business or occupation that will interfere with her obligations to the Company as described in this Agreement.

(b)    The exclusive rights to any recordings made by, for or of Employee, whether by motion picture film, kinescope, electrical transcription, tape or otherwise, which is capable of being used or is currently being used by the Company in connection with any promotion, sale, reference, broadcast, exhibition or reception, or otherwise, are vested in the Company, or in such person or entity as the Company may direct, without additional compensation to Employee.

(c)    Employee will not render any media-related services to any person or entity other than the Company without the prior written consent of the Company.

(d)    Employee agrees not to perform services, to authorize or permit the use of her name or likeness, or to make personal appearances in connection with services performed for or by any other company, business or interest, which conflicts with the full and faithful performance of Employee's duties for the Company, without the prior written consent of the Company.

(e)    Employee will not prepare or provide, for publication by persons or entities other than the Company, information or materials that associates or identifies Employee with the Company, and Employee will not authorize or permit the use of Employee's name or likeness in connection with the advertising of any product or service, without the prior written consent of the Company.

**5.    Termination of Agreement.** The Company may terminate the Agreement at any time, with or without cause, by providing written notice to Employee. In the event of the termination of the Agreement, the Company will pay Employee her salary and benefits through the effective date of termination; provided, however, that any annual benefits (such as vacation, clothing allowances, etc.) will be prorated through the effective date of termination.

The Company may terminate the Agreement, with or without cause, by giving Employee at least 90 days' prior written notice. The Company shall have the right to relieve Employee of her duties pending the effective date of termination, but shall be required to continue to pay Employee her salary and benefits until the effective date of termination.

Employer agrees to terminate this Agreement if Employee accepts on on-air job in a television market with a DMA ranking of 50 or higher. As soon as she is notified, she will inform the Employer that she is a finalist for a job in a market with a DMA ranking of 50 or higher, with a minimum of 60 days notice required.

**6.    Obligations Upon Disability.** In the event Employee becomes unable, with reasonable accommodation, to satisfactorily perform the essential functions of her position, due to accident, illness or other incapacity, the Company shall provide salary continuation and disability benefits in accordance with the terms and conditions of its

disability policies and plans in effect on the date of disability; but shall have no further obligation under this Agreement.

   7.    **Resolution of Disputes Regarding Termination.**  Any claims or disputes between the parties arising out of the termination of this Agreement or the termination of Employee's employment, shall be resolved by arbitration administered by the American Arbitration Association (the "AAA") under its National Rules for the Arbitration of Employment Disputes (the "Rules"), and judgment on the award may be entered in any court having jurisdiction.  In applying the AAA's Rules, the following shall apply:

   (a)    The claims and disputes shall be resolved by one arbitrator, who will be selected in accordance with the AAA's Rules.  The arbitrator's award shall include the findings of fact and conclusions of law on which her award is based.

   (b)    Except where statutory rights are involved, Employee and the Company agree to submit to arbitration any claims or disputes subject to arbitration under the paragraph within thirty (30) calendar days of the effective date of termination of Employee's employment, and expressly waive any statute of limitation to the contrary.  Where statutory rights are involved, the claim or dispute must be submitted to arbitration within the time limit established by the applicable statute.  A claim or dispute shall be deemed submitted to arbitration on the date that a Demand for Arbitration is filed with the AAA.

   (c)    The arbitration hearing, and any Arbitration Management Conference, preliminary shearing or mediation conference shall be conducted in the county in which the facility of the Company at which Employee last worked is located.

   (d)    The parties shall confer regarding discovery needed by them and, if they cannot agree, each party shall be entitled to call a preliminary hearing in accordance with the Rules to establish, among other things, the extent of and a schedule for the production of relevant documents and other information, (2) the identification of any witnesses to be called, and (3) a schedule for further hearings to resolve the dispute.

   (e)    Each party shall bear its own costs of arbitration, including all arbitrator fees, filing fees and administrative costs, and attorney's fees; provided, however, if the claim to be arbitrated is made under a statute or law which expressly allows for an award of attorney's fees to the prevailing party, the arbitrator may make such an award to the prevailing party on the claim to extent allowed by the statute or law.

The agreement to arbitrate shall apply to all claims arising out of the termination of this Agreement or the termination of Employee's employment with the Company, including but not limited to any and all claims, actions or causes of action, arising under any state, local or federal law dealing with employment, employment discrimination or employment compensation or benefits, including but not limited to the Civil Rights Act of 1964 including

-4-

Title VII of such Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Employee Retirement Income Security Act; provided, however that the agreement to arbitrate shall not apply to actions to enforce any restriction on competition contained in the Agreement, or to claims for unemployment compensation or workers' compensation.

8.    **Restriction on Competition**.

(a)    Employee recognizes and agrees that the services to be performed by Employee are extraordinary and unique and that, accordingly, the injury the Company will suffer in the event of breach by Employee will cause the Company irreparable injury which cannot be adequately compensated by monetary damages alone. Therefore, in the event of any such breach, or any attempted or threatened breach, the Company shall be entitled to seek equitable relief by injunction or otherwise from a court of competent jurisdiction.

9.    **Applicable Law; Severability**. The Agreement shall be subject to and construed under the laws of the State of Illinois. The language of all parts of the Agreement shall be construed as a whole according to its fair meaning. If any portion of the Agreement is determined to be unenforceable, such determination shall not affect the enforceability of the remainder of the Agreement, which shall remain in full force and effect.

10.    **Assignment**. The Agreement requires personal services of Employee and Employee's rights and/or obligations under the Agreement may not be assigned or delegated to any third party. The Company may assign its rights and delegate its obligations under the Agreement to any entity which is an affiliate or the successor in interest of the Company. For purposes of the Agreement, an "affiliate" shall be any entity which controls, is controlled by or is under common control with the Company.

11.    **Successors**. The Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, administrators, executors, successors and permitted assigns.

12.    **Notices**. All notices required or permitted under the Agreement shall be in writing and shall be deemed to have been duly given when personally delivered or deposited in the United States mail, registered or certified, postage and fees prepaid and return receipt requested, to the parties addressed as follows (or at such other addresses as designated by the parties from time to time):

**If to Employee**:

-5-

Melissa Murphy                    11199 Shaw Road
                                  Rockford, IL 61114

**If to the Company** :            **With a copy to**:
WIFR-TV                           Gray Mid America Television
Attn: Greg Graber
2523 N. Meridian Rd.
Rockford, IL 61101

or at such other address as shall have been furnished in writing to the other party initiating such notice.

    **13.**   **Entire Agreement; Amendment**.  This Agreement contains the entire agreement between the parties concerning the subject matter of the Agreement and there are no other agreements, obligations, or representations, oral or written, of any kind whatsoever.  No amendment or alteration of this Agreement shall be valid or enforceable unless made in writing and signed by both parties.

    **14.**   **Confidentiality**.  The terms and conditions of this Agreement are to be held in the strictest of confidence by Employee.  Breach of this confidentiality shall, at the option of the Company, result in immediate termination of this Agreement.

To evidence their agreement, the parties have executed this Agreement on the date set opposite to their signatures below.

_____
Date 4/9/03

_____
Date 4/9/03


GRAY MID AMERICA
TELEVISION - WIFR-TV,

BY: _____
Greg Graber, V.P./General Manager


BY: _____
Melissa Murphy/Employee

-6-