UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA ORIFICI, | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |
| Plaintiff, | ) | |
| | ) | Case No.  08 C 50074 |
| v. | ) | |
| | ) | |
| GRAY TELEVISION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS AND TO COMPEL ARBITRATION</u>

Defendant's Motion to Dismiss and to Compel Arbitration inappropriately seeks dismissal of Plaintiff's claims for age and sex discrimination and breach of contract, based on an agreement to arbitrate.  The Court should not dismiss.

<u>PLAINTIFF DOES NOT OPPOSE DEFENDANT'S MOTION TO COMPEL ARBITRATION</u>

As Plaintiff advised Defendant before the filing of Defendant's Motion to Dismiss and to Compel Arbitration, Plaintiff is not opposed to Defendant's motion to compel arbitration. Plaintiff does oppose Defendant's motion to dismiss this case, however, since the Court does not have authority to dismiss this case.

> "In general, 'the fact that a contract specifies arbitration as the mode of resolving disputes arising under it is not a ground for dismissing a suit for breach of the contract. Rather it is a ground for an order to arbitrate.' *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 890 (7th Cir. 2004)."

*United Laboratories, Inc. v. Savaiano,* No. 06 C 1442 (N.D.Ill. 2007).

<u>THE COURT'S PROPER COURSE IS NOT TO DISMISS</u>

"As this Court has noted on numerous occasions, 'the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather

than to dismiss outright.' E.g., *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n. 7 (7th Cir.2005) (citing *Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir.2002))."

*Halim v. Great Gatsby's Auction Gallery, Incorporated*, 516 F.3d 557, 561 (7th Cir. 2008). See also *Kroll v. Doctor's Associates, Inc.*, 3 F.3d 1167 (7th Cir. 1993)

The cases Defendant has cited for dismissal are all district court cases, are all not for publication, and all predate the quoted language above from *Continental Casualty Co. Cont'l Cas. Co.*, 417 F.3d at 732 n. 7. Like this case, the *Tice* case cited above contained an age discrimination claim, in which the Seventh Circuit modified the judgment to convert the dismissal of the suit to a stay pending arbitration. *Tice*, 288 F.3d at 318-19.

Nor does the arbitration clause require arbitration outside of this district, so that the Federal Arbitration Act would not allow the parties to proceed to arbitration. *Cont'l Cas. Co.*, 417 F.3d at 735; 9 U.S.C. § 4.

Defendant has pointed to nothing that would require dismissal.

## CONCLUSION

Controlling authority states that the proper course of action when a party invokes an arbitration clause is not to dismiss it. Defendant's Motion to Dismiss and to Compel Arbitration should therefore be denied to the extent it seeks dismissal.

Respectfully submitted,

MELISSA ORIFICI

BY:   OLIVER, CLOSE, WORDEN, WINKLER
          & GREENWALD LLC

BY: s/John Rearden, Jr.
      John Rearden, Jr.

John Rearden, Jr.
OLIVER, CLOSE, WORDEN,
WINKLER & GREENWALD LLC
124 N. Water St., Suite 300
P.O. Box 4749
Rockford, IL  61110-4749
815/968-7591

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION  was served pursuant to ECF as to Filing Users and shall comply with Local Rule 5.5 as to any party who is not a Filing User or represented by a Filing User.

 s/John Rearden, Jr.
John Rearden, Jr.