UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **MELISSA ORIFICI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:08-CV-50074 |
| ) | |
| **GRAY TELEVISION GROUP, INC.,** ) | |
| a foreign Corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS AND TO COMPEL ARBITRATION**

Defendant Gray Television Group, Inc. ("Defendant") hereby files this Reply in Support of Its Motion to Dismiss and Compel Arbitration.

**ARGUMENT AND CITATION OF AUTHORITY**

In Plaintiff's Response to Defendant's Motion to Dismiss and Compel Arbitration ("Response" or "Pl.'s Resp."), while not opposing Defendant's motion to compel arbitration, Plaintiff argues that, instead of dismissing Plaintiff's Complaint, the Court should stay the proceedings.[1] Specifically, Plaintiff argues that this "Court does not have authority to dismiss this case." (Pl.'s Resp. at 1). To the contrary, the Court is authorized to dismiss this case and should do so.

---

[1] Despite requesting that this Court stay rather than dismiss Plaintiff's case, Plaintiff has yet to take any steps to arbitrate her claims. Plaintiff concedes that arbitration is proper in this case and has always acknowledged in her pleadings that she was bound by her April 3, 2003 Employment Agreement (Pl.'s Resp. at 1 and Pl.'s Compl. at Count V, ¶8, *respectively*). That agreement expressly requires arbitration of her claims. Nonetheless, Plaintiff has disregarded her arbitration agreement at all times material to her claims – even now, far more than ninety days after receipt of her February 5, 2008 right-to-sue.

I.      **It Is Within This Court's Discretion To Dismiss This Case.**

Noting that the Seventh Circuit Court of Appeals has required a stay rather than a dismissal in certain instances where arbitration was compelled, Plaintiff seeks to extend the rule of those cases to her own. In each instance, however, the cases cited by Plaintiff are substantially distinguishable. Because neither the propriety of arbitration nor any provision of the parties' arbitration agreement is in dispute in Plaintiff's case, Defendant submits that the decision to dismiss is wholly within the authority of the Court.

In *Halim v. Great Gatsby's Auction Gallery,* 516 F.3d 557 (7th Cir. 2008), unlike Plaintiff's case, Halim opposed arbitration both before and after his court case was referred to the American Arbitration Association ("AAA"). Great Gatsby's had filed a motion to dismiss, which the district court treated as a motion to stay and which, on appeal, Halim argued to be improper. *Id.*, at 561. Quoting from *Continental Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727 (7th Cir. 2005), one of the other cases relied upon by Plaintiff in her opposition to dismissal, the Court of Appeals held that the district court properly stayed the proceedings Halim had initiated in court pending the arbitration. *Halim, supra,* 516 F.3d at 561. Notably, in *Continental Casualty Co.*, the Seventh Circuit still affirmed dismissal of the action subject to arbitration. 417 F.3d at 735 (7th Cir. 2005). Consequently, the proper course depends upon the specific facts of the case. *See Oblix, Inc. v. Winiecki*, 374 F.3d 488, 492 (7th Cir. 2004) (reversing district court and ruling that claim subject to arbitration be dismissed and parties be compelled to arbitration)[2].

Plaintiff's *Halim* and *Continental Casualty* arguments tie back to *Tice v, American Airlines, Inc.*, 288 F.3d 313 (7th Cir. 2002). In *Tice* the district court had dismissed an age

---

[2] In *Melena v. Anheuser-Busch, Inc.,* 847 N.E.2d 99, 301 Ill.Dec. 440, 219 Ill.2d 135 (Ill. 2006), the Illinois Supreme Court found error in the failure to dismiss a court case when arbitration was compelled. *Id.*.at.847 N.E.2d at 112, 301 Ill. Dec. at 443, and 219 Ill.2d at 156.

discrimination case because the Railway Labor Act ("RLA") gives arbitration exclusive jurisdiction over the application of collective bargaining agreements in the airline and railway industries. *Id.* at 314. In distinguishing arbitration cases which might not dispose of all issues in a court case, the Court of Appeals reasoned that, rather than dismiss, the district court should have stayed the plaintiff's case. *Id.* at 318. The stated goal was "to spare the parties the burden of a second litigation should the arbitrators fail to resolve the entire controversy." *Id.* That possibility is not asserted by Plaintiff in her pleadings.

Citing Section 3 of the Federal Arbitration Act ("FAA"), the *Tice* decision observed that a stay "is the normal procedure" and remanded the case to the district court to enter a judgment modified to convert the dismissal of the plaintiff's suit to a stay. *Id.* Section 3 warrants note:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3. While Section 3 of the FAA requires, at a minimum, that an arbitrable suit must be stayed, Section 3 was not intended to preclude dismissal of a case under the proper circumstances. *Webster v. Elec. Data Sys. Corp.*, No. 03-C-3002, 2003 U.S. Dist. LEXIS 15298, *4 (N.D. Ill. Sept. 2, 2003). In fact, "the weight of authority clearly supports dismissal of cases when all of the issues raised in the district court must be submitted to arbitration." *Id.* at *4-5 (quoting *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992)); *see also Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998) (holding that where a court determines that all claims raised by a plaintiff are subject to arbitration, the district court may dismiss the entire action instead of staying it).

The history and purpose of the FAA acknowledges that in enacting the FAA, Congress sought "'to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts.'" *Borowiec,* 209 Ill.2d at 384, 283 Ill.Dec. 669, 808 N.E.2d 957, quoting *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26, 36 (1991). Section 2 of the FAA compels judicial enforcement of arbitration agreements "in any … contract evidencing a transaction involving commerce." 9 U.S.C. § 2. The United States Supreme Court has held that employment contracts are subject to the terms of the FAA except for those contracts which deal with transportation workers. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Section 2 further provides that such a written provision "shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract.*" 9 U.S.C. § 2 (emphasis added). Because the Court has authority to enforce the parties' arbitration agreement *per se,* the Court necessarily has the authority to dismiss this case. *See, e.g., Washek v. Union Fidelity Life Ins. Co.,* 2005 WL 1563225, (N.D. Ill. 2005) (ruling that, where all of plaintiff's claims are subject to arbitration, it is proper to dismiss rather than stay a plaintiff's case). Any contrary result serves only to undo the dispute resolution machinery contained in Plaintiff's employment agreement.

II.     **Dismissal Is Proper As To Plaintiff's Entire Case**

Here, because <u>all</u> of Plaintiff's claims against Defendant are covered by the Agreement's arbitration clause, and therefore subject to arbitration, it is proper for this Court to dismiss Plaintiff's entire case. *See, e.g., Maroney v. Triple "R" Steel, Inc.*, No. 05-C-1249, 2005 U.S. Dist. LEXIS 30576 (N.D. Ill. Aug. 11, 2005) (granting defendant's motion to dismiss where all

of plaintiff's claims – including retaliatory discharge, conversion and breach of contract – were subject to arbitration); *Mandel v. SCI Illinois Servs., Inc.*, No. 02-C-8979, 2003 U.S. Dist. LEXIS 13408 (N.D. Ill. Aug. 1, 2003) (compelling arbitration and granting dismissal of plaintiff's ADEA claims); *Bauer v. Morton's of Chicago*, No. 99-C-5996, 2000 U.S. Dist. LEXIS 1453, *9 (N.D. Ill. Feb. 8, 2000) (compelling arbitration and granting dismissal of plaintiff's gender discrimination and retaliation claims); *Shaw v. DLJ Pershing*, 78 F. Supp. 2d 781 (N.D. Ill. 1999) (compelling arbitration and granting dismissal of plaintiff's Title VII claims); *Nieminski v. Nuveen & Co., Inc.*, No. 96-C-1960, 1997 U.S. Dist. LEXIS 764, *1 (N.D. Ill. Jan. 16, 1997) (granting party's motion to dismiss plaintiff's Title VII, ADEA and state law claims and to compel arbitration).

## CONCLUSION

Because there is no dispute that Plaintiff and Defendant entered into a written agreement which included an arbitration clause and because <u>all</u> of Plaintiff's claims are subject to a valid and enforceable arbitration agreement, it is within this Court's discretion to dismiss Plaintiff's Complaint and compel the parties to undertake the arbitration that the parties are bound to follow.  For the above stated reasons, Defendant respectfully requests that the Court enter an Order (a) compelling arbitration and (b) dismissing Plaintiff's Complaint.

This 11th day of July, 2008.

<u>s/ Robert M. O'Connell</u>
Robert M. O'Connell, Esq.
ARDC No. 2085569
Speranza & Bates
1401 N. Western Avenue
Lake Forest, Illinois  60045
Phone: 847-615-1090
Fax:    847-615-1096

1961606-2                                            5

*Pro Hac Vice to be applied for*
Robert H. Buckler
Georgia Bar No. 92650
bobby.buckler@troutmansanders.com
Michael D. Kaufman
Georgia Bar No. 409195
mike.kaufman@troutmansanders.com
Lindsay S. Marks
Georgia Bar No. 636480
lindsay.marks@troutmansanders.com

TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404)885-3000 (phone)
(404)962-6778 (facsimile)

Counsel for Defendant Gray Television Group, Inc.

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND TO COMPEL ARBITRATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to Counsel for Plaintiff: John Reardon, Jr., Debra Ann Delia, and Timothy A. Miller.

This 11th day of July, 2008.

*s/ Robert M. O'Connell*
Counsel for Defendant

Robert M. O'Connell
ARDC No. 2085569
Speranza & Bates
1401 North Western Avenue
Lake Forest, Illinois 60045
847-615-1090 (Phone)
847-615-1096 (Fax)